1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

BRIGHTON COLLECTIBLES, INC., a
California Corporation,

Civil No.    06cv1588-H (POR)

11
12

Plaintiff,

13

v.

14

DYNASTY DESIGNS, LLC, a Missouri
Limited Liability Company, and DOES 1
through 10, inclusive,

15
16

Defendant.

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
REQUEST FOR PRODUCTION OF
CERTAIN DOCUMENTS IDENTIFIED
ON BRIGHTON'S AUGUST 4, 2008
PRIVILEGE LOG**

17
18
19
20
21
22
23
24

On July 21, 2008, the Court ordered Plaintiff Brighton Collectibles, Inc. to make a due
diligent search of all Project Heart documents, including files and computers maintained by Mr.
Kohl, Ms. Young and Mr. Moran, for documents responsive to Dynasty's Request for Production of
Documents Numbers 15, 16, 17, 18, and 64.  The Court ordered Brighton to prepare and produce a
revised privilege log to the Court for *in camera* review if a question remained as to whether a
document was subject to the order.  Pursuant to the Court's July 21, 2008 Order, Brighton identified
13 documents on its August 4, 2008 Privilege Log as confidential.  Dynasty asserts certain
documents identified on Brighton's privilege log should be produced.

25

**I.**

26

**APPLICABLE LAW**

27
28

Federal Rule of Civil Procedure 26(b)(1) provides for discovery of "any non privileged
matter that is relevant to any party's claim or defense."  There is no federal privilege preventing the

1   discovery of settlement agreements and related documents.  See JZ Buckingham Invest. LLC v.

2   United States, 78 Fed.Cl. 15, 22 (Fed.Cl.2007); see also Matsushita Elec. Indus. Co., Ltd. v.

3   Mediatek, Inc., 2007 WL 963975, *2-4 (N.D.Cal.2007); Board of Trustees of Leland Stanford Junior

4   University v. Tyco Intern. Ltd., 2008 WL 1023458, *2-3 (C.D. Cal., 2008).  Therefore, discovery of

5   settlement negotiations can be based on the reasonable belief that it may produce information that

6   can be brought into evidence independent of the settlement context.  Morse/Diesel, Inc. v. Trinity

7   Industries, Inc., 142 F.R.D. 80 (S.D.N.Y. 1992).

8        Federal courts generally recognize a right to privacy that can be raised in response to

9   discovery requests.  Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992).

10  Unlike privilege, however, the right to privacy is not an absolute bar to discovery.  Rather, courts

11  balance the need for information against the claimed privacy right.  Ragge v. MCA/Universal

12  Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995).

13       The attorney-client privilege covers communication between an attorney and a client made

14  primarily for the purpose of obtaining legal advice or services from the attorney.  Fisher v. United

15  States, 425 U.S. 391, 403 (1976).  There is no privilege for corporate counsel who is giving, or

16  corporate counsel employees who are seeking, predominantly business advice as opposed to legal

17  advice.  ABB Kent-Taylor, Inc. v. Stallings and Co., 172 F.R.D. 53, 57-58 (W.D.N.Y 1996).

18       The attorney work product doctrine only applies to "material obtained and prepared by an

19  attorney or the attorney's agent in anticipation of litigation or preparation for trial."  Verizon

20  California Inc. v. Ronald Katz Technology Licensing, L.P., 266 F. Supp. 2d 1144, 1147 (C.D. Cal.

21  2003).  The Ninth Circuit states,"a document should be deemed prepared in anticipation of

22  litigation...if in light of the nature of the document and the factual situation of the particular case, the

23  document can be fairly said to have been prepared or obtained because of the prospect of litigation."

24  In re Grand Jury Subpoena, 357 F3d 900, 910 (9th Cir. 2004).

25       Privilege will only apply with respect to auditors if the proponent of the protection can show

26  the audit was conducted only with an eye to preparing for prospective litigation, rather than for some

27  subsidiary purpose.  See United States v. Chevron Texaco Corp., 241 F. Supp. 2d 1065, 1090 (N.D.

28  Cal. 2002).

## II.

## DISCUSSION

**A.    ITEM 1**

Item 1 is an e-mail regarding Bear Financial Accounting Questions.  It includes a spreadsheet with questions from one bidder for Brighton and Brighton's responses.  Brighton asserts three grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; and (3) the documents have no relevance to the present action between Brighton and Dynasty.

After reviewing Item 1, it is evident a majority of the information discussed therein is relevant to Dynasty's defense against Brighton's claim it suffered more than $14 million in lost profits and harm to its brand goodwill.  Thus, the relevant information in Item 1 comes within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense."  Further, Brighton shared Item 1 with investment banker Peter J. Solomon ("Solomon") as part of the Project Heart auction due diligence process.  Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.

Based thereon and on the reasoning above, IT IS HEREBY ORDERED:  Brighton shall produce Item 1 in redacted form.  Brighton shall redact column J, lines 139-140 because these answers are not relevant to the issue of Brighton's damages in this case..

**B.    ITEM 2**

Item 2 is an email from a Brighton attorney to Brighton's CFO, Mr. Moran.  Brighton opposes production of this communication between a Brighton attorney and a Brighton officer because it is (1) attorney-client communication, (2) attorney work product, and (3) irrelevant.

Upon review of Item 2, it is apparent the document was neither drafted primarily for the purpose of obtaining legal advice or services from the attorney nor prepared in anticipation of litigation.  Thus, Item 2 is not protected by either the attorney-client privilege or the attorney-work product doctrine.

//

Nonetheless, Item 2 is irrelevant to the instant case as it neither relates to Brighton's claim against Dynasty nor Dynasty's defense.  Based thereon, IT IS HEREBY ORDERED: Dynasty's request for production of Item 2 is denied.

**C.    ITEM 3**

Item 3 is an email from Brighton's counsel to Solomon including a summary of all IP litigation and pending litigation to which Brighton is a party.  Brighton asserts four grounds for denying production of Item 3 to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; (3) the documents have no relevance to the present action between Brighton and Dynasty, and (4) these documents are attorney work product.

After reviewing Item 3, it is evident The IP settlements discussed therein are relevant to Dynasty's defense against Brighton's claims.  Item 3 was not drafted in anticipation of litigation and therefore is not protected by the attorney work product doctrine.  Thus, the IP settlements come within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense."  Further, Brighton voluntarily shared Item 3 with Solomon.  Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.  Based thereon and on the reasoning above, IT IS HEREBY ORDERED: Brighton shall produce Item 3.

**D.    ITEM 4**

Item 4, an e-mail drafted by Brighton's counsel and sent to Solomon, includes a summary of all litigation that does not involve intellectual property.  Brighton asserts four grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; (3) the documents have no relevance to the present action between Brighton and Dynasty, and (4) these documents are attorney work product.

After reviewing Item 4, there is no evidence of information relating to IP litigation in which Brighton is a party.  However,  information in Item 4 may be probative of issues bearing on Brighton's claims and Dynasty's defenses.  Item 4 was not drafted in anticipation of litigation and therefore is not protected by the attorney work product doctrine.  Thus, Item 4 comes within Rule

26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense." Further, Brighton voluntarily shared Item 4 with Solomon. Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.

Based thereon and on the reasoning above, IT IS HEREBY ORDERED: Brighton shall produce Item 4 in redacted form. Brighton shall produce Item 4.

**E.      ITEM 5**

Item 5, an e-mail drafted by Brighton's counsel and sent to Solomon, relates to a settlement with the Texas Attorney General. On further review of the document, Brighton has determined this agreement provides that its terms "are public and may be disclosed and discussed by the parties." Therefore, as to this document, Brighton withdraws its assertion of privilege and will produce a copy to Dynasty. Pursuant to Brighton's withdrawal of its assertion of privilege as to Item 5, IT IS HEREBY ORDERED: Brighton shall produce a copy of Item 5 to Dynasty.

**F.      ITEM 6**

Item 6, an e-mail drafted by Brighton's counsel and sent to Solomon, includes a summary of IP and non-IP litigation. Brighton asserts four grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; (3) the documents have no relevance to the present action between Brighton and Dynasty, and (4) these documents are attorney work product.

After reviewing Item 6, it is evident there is information therein relating to pending IP litigation. Item 6 was not drafted in anticipation of litigation and therefore is not protected by the attorney work product doctrine. Thus, Item 6 comes within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense." Further, Brighton voluntarily shared Item 6 with Solomon. Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.

Based on the reasoning above and Dynasty's specific request for production of documents solely relating to the settlement of IP litigation, IT IS HEREBY ORDERED: Brighton shall produce Item 6 in redacted form. Brighton shall produce Item 6 to the extent it refers to IP litigation.

**G.    ITEM 7**

Item 7, an e-mail drafted by Brighton's counsel and sent to Solomon, includes a set of letters from Brighton's counsel to its auditors.  Brighton asserts five grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; (3) the documents have no relevance to the present action between Brighton and Dynasty, (4) the documents are protected by the attorney-client privilege, and (5) these documents are attorney work product.

Upon review of Item 7, it is apparent the document was neither drafted primarily for the purpose of obtaining legal advice or services from an attorney nor prepared in anticipation of litigation.   Item 7 was also voluntarily disclosed to Solomon.  Consequently, Item 7 is not protected by either the attorney-client privilege or the attorney work product doctrine.  Item 7 includes information which is relevant to Dynasty's defense against Brighton.  Thus, Item 7 comes within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense."  Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.  Based thereon and on the reasoning above, IT IS HEREBY ORDERED: Brighton shall produce Item 7.

**H.    ITEM 8**

Item 8, an e-mail drafted by Brighton's counsel and sent to Solomon, attaches a settlement agreement.  Brighton asserts three grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; and (3) the documents have no relevance to the present action between Brighton and Dynasty.

The settlement discussed in Item 8 is relevant to Dynasty's defense against Brighton's claims; thus, it comes within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense."  Brighton also voluntarily disclosed Item 8 to Solomon. Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.

Based thereon and on the reasoning above, IT IS HEREBY ORDERED:  Brighton shall produce Item 8.

**I.      ITEM 9**

Item 9, an e-mail drafted by Brighton's counsel and sent to PJ Solomon, attaches a settlement agreement.  Brighton asserts three grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; and (3) the documents have no relevance to the present action between Brighton and Dynasty.

The settlement discussed in Item 9 is relevant to Dynasty's defense against Brighton's claims; thus, it comes within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense."  Brighton also voluntarily disclosed Item 9 to Solomon.  Third party privacy rights shall be addressed pursuant to the parties' Stipulated Protective Order.  Based thereon and on the reasoning above, IT IS HEREBY ORDERED:  Brighton shall produce Item 9.

**J.      ITEM 10**

Item 10, an e-mail drafted by Brighton's counsel and sent to Solomon, attaches a settlement agreement.  Brighton asserts three grounds for denying production of this document to Dynasty: (1) settlement communications are privileged and protected from discovery by third parties; (2) disclosing these agreements would infringe on the privacy rights of the other parties to each agreement; and (3) the documents have no relevance to the present action between Brighton and Dynasty.

The settlement discussed in Item 10 is relevant to Dynasty's defense against Brighton's claims; thus, it comes within Rule 26(b)(1), which provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense."  Brighton also voluntarily disclosed Item 10 to Solomon.  Issues of third party confidentiality shall be addressed pursuant to the parties' Stipulated Protective Order.  Based thereon and on the reasoning above, IT IS HEREBY ORDERED:  Brighton shall produce Item 10.

**K.      ITEM 11**

Item 11 is an email from Gary Freedman, counsel for Brighton, to Jerry Kohl, Laura Young, and Jeffrey Moran, all officers of Brighton.  Brighton opposes production of this communication between a Brighton attorney and a Brighton officer because it is (1) attorney-client communication, (2) attorney work product, and (3) irrelevant.

Upon review of Item 11, it is apparent the document was neither drafted  for the purpose of obtaining legal advice or services from the attorney nor prepared in anticipation of litigation. Rather, the document appears to have been drafted  for a business purpose.  Thus, Item 11 is not protected by either the attorney-client privilege or the attorney-work product doctrine.  Nonetheless, Item 11 is irrelevant to the instant case as it neither relates to Brighton's claim against Dynasty nor Dynasty's defense.  Based thereon and on the reasoning above, IT IS HEREBY ORDERED: Dynasty's request for production of Item 11 is denied.

**L.      ITEM 12**

Item 12 is an email from Jerry Kohl, a Brighton officer, to Gary Freedman, counsel for Brighton, and Jeffrey Moran and Laura Young, Brighton officers.  Brighton opposes production of this communication between a Brighton attorney and a Brighton officer because it is (1) attorney-client communication, (2) attorney work product, and (3) irrelevant.

Upon review of Item 12, it is apparent the document was neither drafted for the purpose of obtaining legal advice or services from the attorney nor prepared in anticipation of litigation. Rather, the document appears to have been drafted  for a business purpose.  Thus, Item 12 is not protected by either the attorney-client privilege or the attorney-work product doctrine.  Item 12 is relevant to the instant case as it relates to Dynasty's defense against alleged copyright, trademark, and trade dress infringement.  Based thereon and on the reasoning above, IT IS HEREBY ORDERED: Brighton shall produce Item 12.

**M.      ITEM 13**

Item 13 is an email from Jinhee Peralta, a paralegal for Brighton, to Jeffrey Moran, Brighton's CFO.  Brighton opposes production of this communication because it is (1) attorney-client communication, (2) attorney work product, and (3) irrelevant.

1    Upon review of Item 13, it is apparent the attachment was neither drafted for the purpose of

2    obtaining legal advice or services from the attorney nor prepared in anticipation of litigation.

3    Rather, the attachment appears to have been drafted  for a business purpose.  Thus, the attachment in

4    Item 13 is not protected by either the attorney-client privilege or the attorney-work product doctrine.

5     The attachment in Item 13 is relevant to the instant case as it relates to Dynasty's defense against

6    alleged copyright, trademark, and trade dress infringement.  Conversely, the cover page in Item 13

7    appears to contain attorney work product and is therefore not discoverable.  Based thereon and on

8    the reasoning above, IT IS HEREBY ORDERED: Brighton shall produce Item 13 in redacted form.

9    Brighton shall redact the cover sheet but produce the attachment.

10    The discovery allowed under this order shall be completed by **September 26, 2008**.

11    **IT IS SO ORDERED.**

12   DATED:  September 11, 2008

13

14   LOUISA S PORTER
     United States Magistrate Judge

15

16   cc:        The Honorable Marilyn L. Huff
                all parties

17

18

19

20

21

22

23

24

25

26

27

28